UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Robert Lee Foster, #194085, ) | C/A No. 3:09-452-PMD-JRM |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **REPORT AND** |
| ) | **RECOMMENDATION** |
| Derham Cole, Judge; ) | |
| Alex Stavley, Prosecutor; ) | |
| Williams McPherson, Attorney of P.D. Office; ) | |
| Daniel K. Swad, Sheriff Officer; ) | |
| J.L. Hall, Officer; ) | |
| Bradford James, Officer; ) | |
| Mylner Beach, Officer; ) | |
| Ashley C. Harris, Officer, ) | |
| ) | |
| Defendants. ) | |
| ) | |

The plaintiff, Robert Lee Foster ("Plaintiff"), filed documents construed to be a civil rights action pursuant to 28 U.S.C. § 1983. Plaintiff is an inmate at Lee Correctional Institution, a facility of the South Carolina Department of Corrections ("SCDC"), and files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint names as defendants several individuals involved in state criminal proceedings brought against Plaintiff. The complaint seeks only injunctive relief in the form of "release and allow the Plaintiff to filed criminal charge against all's Defendants in reference to their action and obstruction of justice, miscarriage of justice." Complaint at 25. The complaint requests relief that cannot be granted.

### *Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v.*

*Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action is "frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." § 1915(e)(2)(B)(i-iii).

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 127 S.Ct. 2197 (2007), holding them to a less stringent standard than those drafted by attorneys. *Estelle v. Gamble*, 429 U.S. 97 (1976), *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam)*. Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, (4th Cir. 1990

### Discussion

Plaintiff filed a 25 page document with a caption naming eight defendants and titled

"Obstruction of Justice & Miscarriage of Justice." This document is construed as a complaint under 28 U.S.C. § 1983, so that it can be addressed. In addition to the complaint, Plaintiff filed a 17 page document titled "affidavit," which includes a hand written self-proclaimed "affidavit" signed by Plaintiff, as well as unsigned hand written "arrest warrants," regarding each individual defendant. Plaintiff also attached "exhibits" to his complaint.

The complaint states that "Plaintiff respectfully filed this pleading under Title 18 U.S.C.A. 1503....within this court who has jurisdiction, authority to permitted that Plaintiff to filed criminal charged against all's partie name in the above caption" [errors in original]. Complaint at 1. The complaint names as defendants a state court judge, prosecutor, public defender, and four law enforcement officers involved in Plaintiff's state court criminal proceedings. The complaint further states that "Plaintiff seeking to filed criminal charged in the United States District Court for obstruction of Justice; miscarriage of justice and prejury...jury tampering falsified legal document and other change of event by these officer of the Plaintiff seeking justice from this court....by challenge the ethical and misconduct of officer the court and police officer as Plaintiff seeking relief and release from the South Carolina Department of Corrections." Complaint at 1-2.

**Criminal Charges**

Plaintiff seeks to invoke this Court's jurisdiction through 18 U.S.C. § 1503, which is a criminal statute. As a private citizen, Plaintiff has no "judicially cognizable interest" in the criminal prosecution of another. *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *Sattler v. Johnson*, 857 F.2d 224, 226-27 (4th Cir. 1988) (private citizen has no constitutional right to have other citizens, including state actors, criminally prosecuted). Similarly, a private citizen has no authority to initiate a criminal prosecution. *Cok v. Costentino*, 876 F.2d 1, 2 (1st Cir. 1988). Prosecutorial discretion resides in the state or federal prosecuting authority, which is not the Court. *See Imbler v. Pachtman,* 424 U.S. 409

3

(1976) (prosecutors have discretion in initiating and pursuing a criminal prosecution and, while acting within scope of duties, also have immunity from civil suit for damages).  This Court has no authority to file criminal charges against an individual, nor can this Court direct that criminal charges be filed. The injunctive relief that Plaintiff seeks, criminal charges, cannot be granted by this Court.  Thus, the complaint fails to state a claim upon which relief may be granted and should be dismissed.  28 U.S.C. § 1915(e)(2)(B)(ii); *Neitzke v. Williams*, 490 U.S. 319 (1989) (a claim based on a meritless legal theory may be dismissed *sua sponte* under § 1915(e)(2)(B)).

### Habeas Relief

In as much as Plaintiff is seeking release from prison, he can only pursue release from prison in a separate habeas action.  "[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983."  *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (citing *Preiser v. Rodriguez*, 411 U.S. 475 (1973)).  Plaintiff must first exhaust state court remedies before filing for federal habeas relief challenging any state convictions and sentences.  28 U.S.C. § 2254(b)(1).  If Plaintiff decides to file a federal habeas petition, he must also comply with the statute of limitations established in 28 U.S.C. § 2244(d)(1).  Plaintiff may request the required habeas petition form from the Clerk of Court.

### Frivolous

The complaint is frivolous.  A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact."  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992).  It is also noted that Plaintiff previously filed suit, which was dismissed, against Defendants Hall, James, and Swad, seeking damages based on their involvement in his arrest and criminal prosecution.  *See Foster v. Powers*, C/A No. 3:08-25-PMD (D.S.C.).  Thus, the current action is also vexatious.  Because the

complaint is frivolous and vexatious it should be deemed a "strike" for purposes of 28 U.S.C. § 1915(g), which provides:

> In no event shall a prisoner bring a civil action or appeal a judgement in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it its frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Plaintiff has two prior cases deemed "strikes" for purposes of 28 U.S.C. § 1915(g). *See Foster v. State of SC*, C/A No. 3:03-384-PMD (D.S.C.); *Foster v. Gowdy*, C/A No. 3:04-23193-PMD (D.S.C.). A third "strike" will eliminate Plaintiff's ability to proceed *in forma pauperis* in frivolous cases in the future.

## **Recommendation**

It is recommended that the District Judge dismiss the complaint ***with prejudice*** and without issuance and service of process. 28 U.S.C. § 1915(e)(2)(B).

It is also recommended that this case be deemed a "strike" for purposes of 28 U.S.C. § 1915(g).

Joseph R. McCrorey
United States Magistrate Judge

April 16, 2009
Columbia, South Carolina

**Plaintiff's attention is directed to the notice on the next page.**

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).