**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| Robert Lee Foster, #194085, )<br>                                )<br>           Plaintiff, )<br>                                )<br>                                )<br>              v.                 )<br>                                )<br>Derham Cole, Judge; )<br>Alex Stalvey, Prosecutor; )<br>Williams McPherson, Attorney of P.D. Office;)<br>Daniel K. Swad, Sheriff Officer; )<br>J.L. Hall, Officer; )<br>Bradford James, Officer; )<br>Mylner Beach, Officer; )<br>Ashley C. Harris, Officer, )<br>                                )<br>           Defendants. )<br>_____ ) | Civil Action No.: 3:09-452-PMD-JRM<br><br>**ORDER** |

      This matter is before the Court upon Plaintiff Robert Foster's ("Plaintiff") Objections to a United States Magistrate Judge's Report and Recommendation ("R&R"), which recommends that this Court dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted. Having reviewed the entire record, including Plaintiff's Objections, the court finds the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. Accordingly, the court adopts the R&R and fully incorporates it into this Order.

**BACKGROUND**

      Plaintiff, a detainee at Lee Correctional Institute, filed this civil rights action pursuant to 42 U.S.C. § 1983 and *in forma pauperis* under 28 U.S.C. § 1915. In his *pro se* Complaint, Plaintiff names Defendants Cole, Stalvey, McPherson, Swad, James, Beach and Harris, all of whom were involved in state criminal proceedings against Plaintiff. The Complaint seeks Plaintiff's release from jail and permission form the court to file criminal charges against Defendants for their "action and

obstruction of justice, miscarriage of justice." (Complaint at 25.) In addition to the Complaint, Plaintiff filed a 17-page "affidavit" and several hand-written "arrest warrants," regarding each individual defendant. The Magistrate Judge conducted a review of Plaintiff's complaint pursuant to 28 U.S.C. § 1915 and recommended that it be dismissed with prejudice and without issuance and service of process. In addition to this recommendation, the Magistrate Judge believed Plaintiff's Complaint to be frivolous; therefore, he recommended it be deemed a strike pursuant to § 1915(g), which would constitute Plaintiff's third.

## STANDARD OF REVIEW

The Magistrate Judge made his review in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge only makes a recommendation to the court. It has no presumptive weight, and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Parties are allowed to make a written objection to a Magistrate Judge's report within ten days after being served a copy of the report. 28 U.S.C. § 636(b)(1). From the objections, the court reviews *de novo* those portions of the R&R that have been specifically objected to, and the court is allowed to accept, reject, or modify the R&R in whole or in part. *Id.* Additionally, the court may recommit the matter to the Magistrate Judge with instructions. *Id. Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). The requirement of liberal construction, however, does not mean that the court can ignore a clear failure in pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th

2

Cir. 1990).

## **ANALYSIS**

As noted above, Plaintiff filed this action *in forma pauperis* under 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i)–(ii). The Supreme Court has held that:

> the *in forma pauperis* statute, unlike Rule 12(b)(6), "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."

*Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).

Pursuant to this statute, the Magistrate Judge reviewed Plaintiff's Complaint and recommended that it be dismissed for failure to state a claim on which relief could be granted. As to the challenge of his conviction and request to be released from prison, the Magistrate Judge found that a person can only pursue release from prison in a separate habeas action. (R&R at 4.) As to Plaintiff's request to file criminal charges against Defendants, the Magistrate Judge found this claim failed since a private citizen has no authority to initiate a criminal prosecution. (*Id.*) Plaintiff objects to the Magistrate Judge's recommendations. In his Objections, Plaintiff argues that Defendants committed "prejury, tampering of evidence, obstruction of justice where a innocent black male (Plaintiff) present a "federal" question involving a state statute," and also alleges that his conviction was "illegal" due to numerous evidentiary issues.

The court agrees with the Magistrate Judge's recommendation that the Complaint fails to state a claim upon which relief can be granted. To the extent Plaintiff challenges the validity of his conviction and seeks to be released from incarceration, he must pursue a separate habeas action. "[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (citation omitted). Therefore, Plaintiff must first exhaust any state court remedies before filing for federal habeas relief challenging any state convictions and sentences. 28 U.S.C. § 2254(b)(1). Plaintiff may request a habeas petition from the Clerk of Court, but should be aware that he must comply with the statute of limitations established in 28 U.S.C. § 2244(d)(1).

To the extent Plaintiff seeks to invoke the court's jurisdiction pursuant to 18 U.S.C.A. §1503 in an effort to assert criminal charges against Defendants, that claim fails as well. Section 1503 is a criminal statute, and as a private citizen, Plaintiff has no "judicially cognizable interest" in the criminal prosecution of another. *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). Furthermore, a private citizen has no authority to initiate a criminal prosecution. *Cok v. Costentino*, 876 F.2d 1, 2 (1st Cir. 1989). Prosecutorial discretion resides in the state or federal prosecuting authority and not this court. As such, Plaintiff prays for relief that cannot be granted. Therefore, the complaint fails to state a claim upon which relief may be granted and should be dismissed. 28 U.S.C. §1915(e)(2)(B).

Finally, the Magistrate Judge found Plaintiff's Complaint frivolous and vexatious, and recommended that it be deemed a strike under §1915(g), which provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions,

> while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

A court can find a frivolous claim from a complaint which lacks "an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In making his recommendation to issue a strike against Plaintiff, the Magistrate Judge also noted that Plaintiff previously filed suit against Defendants Hall, James, and Swad, seeking damages based on their involvement in his arrest and criminal prosecution, and the court granted summary judgment in favor of these Defendants. *See Foster v. Powers*, No. 3:08-CV-25-PMD. The court agrees that Plaintiff's Complaint is frivolous and vexatious; therefore, it deems it a strike against Plaintiff. Since Plaintiff has two prior cases which were deemed "strikes" for purposes of §1915(g), *Foster v. State of SC*, No. 3:03-384-PMD (D.S.C.); *Foster v. Gowdy*, No. 3:04-23193-PMD (D.S.C.), this third strike eliminates his right to proceed *in forma pauperis* pursuant to § 1915, unless he is under imminent danger of serious physical injury. 28. U.S.C. § 1915(g).

## CONCLUSION

Based on the foregoing, it is **ORDERED** that Plaintiff's Complaint is **DISMISSED**, with prejudice, and without issuance and service of process. It is further **ORDERED** that this case be deemed a **STRIKE** for purposes of the "three strikes rule" under 28 U.S.C. § 1915(g).

**AND IT IS SO ORDERED.**

PATRICK MICHAEL DUFFY
United States District Judge

**June 30, 2009**
**Charleston, SC**

6